UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IAN M. QUARMBY,

                     Plaintiff,

v.

SEARS HOLDINGS CORPORATION d/b/a SEARS
HOLDINGS d/b/a SEARS,
SEARS ROEBUCK & CO. d/b/a SEARS, and
POWER TOOL SPECIALISTS, INC.,

                     Defendants.
_____

**NOTICE OF REMOVAL**

Civil Case No.:

**TO:**    **United States District Court**
           **Western District of New York**

Pursuant to 28 U.S.C. §1441 and 1332, the action entitled *Ian M. Quarmby v. Sears Holding Corporation* commenced in the Supreme Court of the State of New York for the County of Niagara, Index Number E176631/2022, is hereby removed by Defendant, Power Tool Specialists, Inc. ("PTS"), from the Supreme Court of the State of New York, County of Niagara to the United States District Court for the Western District of New York by the filing of this Notice of Removal with the Clerk of the United States District Court for the Western District of New York. PTS, by and through its attorneys, Goldberg Segalla LLP, respectfully states the following as grounds for removing this action:

**Factual and Procedural Background**

1.     This action was commenced on January 12, 2022, by the filing of a complaint in Civil Action No. E176631/2022 ("State Court Action"). A true and correct copy of all process, pleadings and orders in this action is attached to this Notice of Removal as collective **Exhibit 1** and is incorporated herein by reference.

32715417.v1

2.      A copy of the State Court Action summons and complaint was received by each named Defendant on or after February 3, 2022.

3.      Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with written notice of removal, and a copy of this notice of removal is being filed with the Clerk of the Supreme Court of the State of New York, County of Kings.

## Jurisdiction

4.      This notice of removal is filed pursuant to 28 U.S.C. § 1441(a), which permits defendants to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction…to the district court of the United States for the district and division embracing the place the place where such action is pending."

5.      This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and properly joined Defendants and the damages sought are more than $75,000, exclusive of interest and costs.

## Parties and Diversity of Citizenship

6.      Plaintiff alleges to be a citizen of New York residing in Niagara County, New York. (See Complaint, ¶ 1.)

7.      Defendant PTS is incorporated under the laws of Massachusetts, and has its principle place of business in South Carolina. Plaintiff acknowledges that PTS is not a citizen of New York. (Complaint, ¶ 11)

8.      Defendant Sears Holdings Corporation was incorporated in Delaware, and has its principle place of business in Illinois.  Defendant Sears Roebuck & Co. was incorporated in New York, and has its principle place of business in Illinois.

32715417.v1

9.     Defendant Sears Roebuck and Co initiated Chapter 11 Bankruptcy proceedings on October 15, 2018. *See* 7:18-BK-23537 (Bankr. S.D.N.Y.)

10.     Defendant Sears Holding Corporation initiated Chapter 11 Bankruptcy proceedings on  October 15, 2018. *See* 7:18-BK-23538 (Bankr. S.D.N.Y.). The bankruptcy petitions of various Sears entities are generally being handled under this lead case number.

11.     As of this filing, the Sears Bankruptcy proceedings remain ongoing.

12.     In his Complaint, Plaintiff seeks relief for personal injuries sustained on August 6, 2018. Complaint at ¶18.

13.     The filing of a bankruptcy petition automatically stays the commencement of any action or proceeding to recover a claim against the debtor that arose before the commencement of the bankruptcy proceeding. 11 U.S.C. § 362(a)(1). Because Plaintiff's claim predates the October 15, 2018, bankruptcy filing, any action against Sears related to these injuries is void *ab initio*.

14.     Since the bankruptcy stay is automatic, "[t]he action is void even where the acting party had no actual notice of the stay." *Dalton v. New Commodore Cruise Lines Ltd.,* No. 02 Civ. 8025(DLC), 2004 WL 344035, at *2 (S.D.N.Y. Feb.24, 2004).[1]

15.     "In the Second Circuit, actions commenced or continued in violation of the stay are void ab initio." *In re Sklar*, 626 B.R. 750, 761 (Bankr. S.D.N.Y. 2021) (collecting authorities).

16.     Accordingly, the citizenship of the Sears defendants is irrelevant for the purposes of diversity jurisdiction. *Hearst Mags. v. Stephen L. Geller, Inc.*, No. 08 CIV. 11312 (LLS), 2009 WL 812039, at *3 (S.D.N.Y. Mar. 25, 2009) (denying plaintiff's motion for remand where

---

[1] Plaintiff had actual notice of the stay, and is subject to contempt proceedings for proceeding with litigation against Sears. The letter sent to Plaintiff's counsel is appended hereto as **Exhibit 2**.

32715417.v1

"plaintiff commenced this action after the bankruptcy petition was filed and the stay was in effect, so as against [the local defendant], it was invalid from inception.").[2]

17.     Furthermore, "[u]nder the doctrine of fraudulent joinder, '[this court] overlook[s] the presence of a non-diverse defendant if from the pleadings [as] there is no possibility that the claims against that defendant could be asserted in state court.'" *Ulysse v. AAR Aircraft Component Servs.*, 841 F. Supp. 2d 659, 682 (E.D.N.Y. 2012) (quoting *Briarpatch Ltd. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 302 (2d Cir.2004)) (alterations added).

18.     Accordingly, the only properly joined parties are completely diverse from one another under 28 U.S.C. § 1332(a).

## Amount in Controversy

19.     The State Court Action seeks monetary damages for personal injuries allegedly sustained by plaintiff, Ian M. Quarmby, while using a table saw he purchased from a Sears retail store. More specifically, plaintiff alleges that "the table collapsed while he was making a cut, sending the blade into his right hand" causing him to sustain an "amputation of half of his right small finger and middle figure [sic] along with severe cuts to his other digits of his right hand." See Complaint at ¶¶18-19.

20.     In compliance with CPLR 3017(c), plaintiff's Complaint did not state an amount of damages to which he deems himself entitled. Accordingly, Rexon attempted to avail itself of the discovery available under CPLR 3017(c) by serving a demand for damages to obtain confirmation of the amount in controversy.

---

[2] *See Myers v. Alliance for Affordable Servs.,* 318 F.Supp.2d 1055, 1056-57 (D.Colo.2004) (since "Plaintiffs did not seek relief from Kochan's bankruptcy stay before filing their claims" the "fact that he is a Colorado citizen does not divest this Court of diversity jurisdiction because Kochan is and has never been a valid Defendant"); *Lampe v. Xouth, Inc.,* Civ. A. No. 90-4067, 1991 WL 29072, at *1 (E.D.Pa. Feb.27, 1991) (finding subject matter jurisdiction where action against non-diverse defendant Xouth was "barred by the automatic stay" and "Xouth will consequently be dismissed from this action"); *see also Harrell v. Pineland Plantation, Ltd.,* 914 F.Supp. 119, 119 (D.S.C.1996).

32715417.v1

21.     PTS asserts in good faith that the amount in controversy exceeds the sum or value

of $75,000, exclusive of interest and costs.

22.     PTS also notes that this is the third lawsuit Plaintiff has filed related to his August

6, 2018, injury.  Each of the prior two cases were removed, based on diversity jurisdiction.  *See*

*Quarmby v. Rexon Industrial Corporation Ltd.*, 1:21CV671 (W.D.N.Y. May 25, 2021) (still

pending); *Quarmby v. Stanley Black & Decker, Inc.*, 1:19CV1688 (W.D.N.Y. Dec. 19, 2019)

(voluntarily dismissed).[3] There has not been any dispute in either of these earlier matters that the

amount in controversy related to the injury was not met.

23.     Defense counsel, in connection with its representation of PTS's parent company,

Rexon Industrial Corporation, Ltd., has repeatedly sought a formal demand from Plaintiff,

including in accordance with CPLR 3017(c). That demand appears at *Quarmby v. Rexon Industrial*

*Corporation Ltd.*, 1:21CV671, ECF No. 1-3 (W.D.N.Y. May 25, 2021).

24.     Plaintiff has still not provided a response to the CPLR 3017(c) demand.

25.     Under 28 U.S.C. §1446(c)(2)(ii), the removing Defendant asserts the amount in

controversy exceeds $75,000.

### Procedural Requirements for Removal Have Been Satisfied

26.     This notice of removal is timely under 28 U.S.C. § 1446(b)(1), as it has been filed

within 30 days of service.

---

[3] The active matter, against Rexon Industrial Corporation Ltd., is related to the instant case. Counsel will notify the Clerk of Court, by letter, in accordance with Local Rule 5.1(e), of the relevant underlying facts, so that the Court may make an appropriate decision regarding whether assignment to the same Judge would avoid unnecessary duplication of judicial effort. While it was dismissed without prejudice, counsel does not believe that the action against Stanley Black & Decker, Inc. is likely to be re-filed. In addition to the statute of limitations considerations, in counsel's experience, Stanley Black & Decker, Inc. is not a viable defendant in product liability cases involving the type of table saw at issue in this case.

32715417.v1

27.     This notice of removal is timely under 28 U.S.C. § 1446(b)(2). While the Sears Defendants consent to the removal, because they have not been properly joined, their consent is not required.

28.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the Western District of New York is the Federal Judicial District embracing Niagara County, the county in which the state court action was originally filed.

29.     Written notice of the removal of this action will be promptly served to Plaintiff's counsel and a Notice of Filing of Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court of the Supreme Court of the State of New York, County of Niagara, an unfiled copy of which is attached hereto as **Exhibit 3**.

30.     No previous application has been made for the relief requested herein.

<u>Conclusion</u>

By this Notice of Removal, Defendant PTS does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Defendant PTS intend no admissions of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas.

Dated: March 7, 2022

GOLDBERG SEGALLA LLP

 */s/ Kenneth L. Bostick, Jr.*
Kenneth L. Bostick, Jr., Of Counsel
*Attorneys for Defendant*
*Power Tool Specialists, Inc.*
665 Main Street, Suite 400
Buffalo, New York 14203
(716) 566-5400
kbostick@goldbergsegalla.com

6

32715417.v1

MATTHIESEN, WICKERT & LEHRER, S.C.
Catherine Dowie, Esq.
*Attorneys for Defendants*
*Power Tool Specialists*
99 Derby Street, Suite 200
Hingham, MA 020443
(262) 673-7850
cdowie@mwl-law.com
*Mailing Address:*
PO Box 270670
Hartford, WI 53027-0670


TO:   THE BARNES FIRM, PC
      Richard P. Amico, Esq.
      *Attorneys for Plaintiff*
      28 East Main Street, Suite 600
      Rochester, New York 14614
      (585) 699-2464
      richard.amico@thebarnesfirm.com

7

32715417.v1