**EXHIBIT 1**

**DELIVER THESE PAPERS TO YOUR LIABILITY INSURANCE CARRIER IMMEDIATELY. YOUR FAILURE TO DO SO MAY RESULT IN THE LOSS OF COVERAGE.**

STATE OF NEW YORK
SUPREME COURT:        COUNTY OF NIAGARA

---

IAN M. QUARMBY

    Plaintiff,

v.

SEARS HOLDINGS CORPORATION
d/b/a SEARS HOLDINGS d/b/a SEARS,
SEARS ROEBUCK & CO. d/b/a SEARS, and
POWER TOOL SPECIALISTS, INC.

    Defendants.

---

**SUMMONS**

**Index No.:**

**Date Filed:**

Plaintiff designates
NIAGARA COUNTY as
the place of trial.

The basis of venue is:
Plaintiff's residence
1304 92nd Street
Niagara Falls, NY  14304

**TO THE ABOVE-NAMED DEFENDANTS:**

      **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorneys an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York.  In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:     Rochester, New York
              January 12, 2022

THE BARNES FIRM, P.C.

By: _____
Richard P. Amico, Esq.
*Attorneys for Plaintiff*
28 East Main Street, Ste. 600
Rochester, NY 14614
(585) 699-2464

SEARS HOLDINGS CORPORATION
3333 Beverly Road
Hoffman Estates, IL 60179

SEARS ROEBUCK & CO.
3333 Beverly Road
Hoffman Estates, IL 60179

POWER TOOL SPECIALISTS, INC.
684 Huey Road
Rock Hill, SC 29730

FILED: NIAGARA COUNTY CLERK 01/12/2022 04:09 PM
NYSCEF DOC. NO. 1
Case 1:22-cv-00189-LJV   Document 1-1   Filed 03/07/22   Page 3 of 10
INDEX NO. E176631/2022
RECEIVED NYSCEF: 01/12/2022

STATE OF NEW YORK
SUPREME COURT:          COUNTY OF NIAGARA

IAN M. QUARMBY

    Plaintiff,

v.                                                                                      **COMPLAINT**

SEARS HOLDINGS CORPORATION                              Index No.
d/b/a SEARS HOLDINGS d/b/a SEARS,
SEARS ROEBUCK & CO. d/b/a SEARS, and
POWER TOOL SPECIALISTS, INC.

    Defendants.

       Plaintiff, above-named, by his attorneys, THE BARNES FIRM, P.C., for his complaint against defendants, above-named, alleges upon information and belief:

       1.     At all times relevant, plaintiff, IAN M. QUARMBY, was a resident of the County of Niagara and State of New York.

       2.     The Governor's declaration of a state of emergency has extended the statute of limitations making the filing of this complaint timely.

       3.     At all times herein relevant, defendant, SEARS HOLDINGS CORPORATION d/b/a SEARS HOLDINGS d/b/a SEARS [hereinafter "SEARS HOLDINGS"] was a foreign business corporation authorized to conduct business in the State of New York.

       4.     At all times herein relevant, defendant, SEARS HOLDINGS, continuously transacted business and sold goods and services and has entered into

various contracts for the delivery of same, all of which has occurred within the boundaries of the State of New York.

5. At all times relevant, defendant, SEARS HOLDINGS, manufactured, sold and/or distributed Craftsman brand table saws, and other products to residents of New York State.

6. The Court has personal jurisdiction over defendant, SEARS HOLDINGS, pursuant to CPLR 302(a).

7. At all times herein relevant, defendant, SEARS ROEBUCK & CO. d/b/a SEARS [hereinafter "SEARS"] was a foreign business corporation authorized to conduct business in the State of New York.

8. At all times herein relevant, defendant, SEARS, continuously transacted business and sold goods and services, and has entered into various contracts for the delivery of same, all of which has occurred within the boundaries of the State of New York.

9. At all times relevant, defendant, SEARS, manufactured, sold and/or distributed Craftsman brand table saws, and other products to residents of New York State.

10. The Court has personal jurisdiction over defendant, SEARS, pursuant to CPLR 302(a).

11. At all times herein relevant, defendant, POWER TOOL SPECIALISTS, INC. was a foreign business corporation existing and organized in the Commonwealth of Massachusetts, with its principal place of business in Rock Hill, South Carolina, and authorized to conduct business in the State of New York.

12. At all times herein relevant, defendant, POWER TOOL SPECIALISTS, INC., was a subsidiary of Rexon.

13. At all times herein relevant, defendant, POWER TOOL SPECIALISTS, INC., continuously transacted business and sold goods and services, and has entered into various contracts for the delivery of same, all of which has occurred within the boundaries of the State of New York.

14. At all times relevant, defendant, POWER TOOL SPECIALISTS, INC., manufactured, sold and/or distributed Craftsman brand table saws, and other products to residents of New York State.

15. The Court has personal jurisdiction over defendant, POWER TOOL SPECIALISTS, INC., pursuant to CPLR 302(a).

16. Plaintiff purchased the subject portable table saw at the Sears store which was located in the former Summit Park Mall which was located in the Town of Wheatfield, County of Niagara, and State of New York.

17. Prior to August 6, 2018, plaintiff purchased a Craftsman 10 IN Table Saw, Model No: 137.415030, Serial No: RVU4109 from the Sears store described in paragraph 7 above.

18. On August 6, 2018, plaintiff was operating the Table Saw described in paragraph 17 above when the table collapsed while he was making a cut, sending the blade into his right hand.

19. As a result of the incident described in paragraph 18 above, plaintiff sustained an amputation of half of his right small finger and his middle finger along with severe cuts to the other digits of his right hand and was otherwise injured.

3

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST SEARS HOLDING CORPORATION d/b/a SEARS HOLDINGS d/b/a SEARS

20. Plaintiff repeats and realleges paragraphs 1 through 19 above as if set forth in their entirety herein.

21. Upon information and belief, defendant, SEARS HOLDINGS CORPORATION d/b/a SEARS HOLDINGS d/b/a SEARS [hereinafter SEARS HOLDINGS] designed, manufactured, assembled, labeled, tested, inspected, promoted, sold, and/or distributed the Table Saw identified in paragraph 17.

22. The incident described above occurred as a result of the negligence and/or recklessness of defendant, SEARS HOLDINGS, without any negligence or recklessness attributable to plaintiff.

23. Defendant, SEARS HOLDINGS, was negligent and/or reckless in that it was known, or should have been known, that the Table Saw identified in paragraph 17 above, was defective and dangerous.

24. Defendant, SEARS HOLDINGS, was negligent and/or reckless in allowing a defective and dangerous product to be distributed for consumer use.

25. The product was being used in its intended manner.

26. The defective design, manufacture, assembly, labeling, testing, inspection, promotion, sale, distribution, and/or failure to warn of known defects of the product was a cause of the injuries and plaintiff could not have discovered the defects through exercise of reasonable care.

27. The defendant, SEARS HOLDINGS, is strictly liable for causing the plaintiff's injuries in an amount that exceeds the jurisdictional limits of all lower New York Courts.

4

28. As a result of the negligence and/or recklessness of defendant, SEARS HOLDINGS, plaintiff was seriously injured, and has suffered damages in an amount which exceeds the monetary jurisdictional limits of all lower New York Courts.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT SEARS ROEBUCK & CO. d/b/a SEARS

29. Plaintiff repeats and realleges paragraphs 1 through 28 above as if set forth in their entirety herein.

30. Upon information and belief, defendant, SEARS ROEBUCK & CO. d/b/a SEARS [hereinafter SEARS] designed, manufactured, assembled, labeled, tested, inspected, promoted, sold, and/or distributed the Table Saw identified in paragraph 17.

31. The incident described above occurred as a result of the negligence and/or recklessness of defendant, SEARS, without any negligence or recklessness attributable to plaintiff.

32. Defendant, SEARS, was negligent and/or reckless in that it was known, or should have been known, that the Table Saw identified in paragraph 17 above, was defective and dangerous.

33. Defendant, SEARS, was negligent and/or reckless in allowing a defective and dangerous product to be distributed for consumer use.

34. The product was being used in its intended manner.

35. The defective design, manufacture, assembly, labeling, testing, inspection, promotion, sale, distribution, and/or failure to warn of known defects of the product was a cause of the injuries and plaintiff could not have discovered the defects through exercise of reasonable care.

5

36. The defendant, SEARS, is strictly liable for causing the plaintiff's injuries in an amount that exceeds the jurisdictional limits of all lower New York Courts.

37. As a result of the negligence and/or recklessness of defendant, SEARS, plaintiff was seriously injured, and has suffered damages in an amount which exceeds the monetary jurisdictional limits of all lower New York Courts.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT POWER TOOL SPECIALISTS, INC.

38. Plaintiff repeats and realleges paragraphs 1 through 37 above as if set forth in their entirety herein.

39. Upon information and belief, defendant, POWER TOOL SPECIALISTS, INC. designed, manufactured, assembled, labeled, tested, inspected, promoted, sold, and/or distributed the Table Saw identified in paragraph 17.

40. The incident described above occurred as a result of the negligence and/or recklessness of defendant, POWER TOOL SPECIALISTS, INC., without any negligence or recklessness attributable to plaintiff.

41. Defendant, POWER TOOL SPECIALISTS, INC., was negligent and/or reckless in that it was known, or should have been known, that the Table Saw identified in paragraph 17 above, was defective and dangerous.

42. Defendant, POWER TOOL SPECIALISTS, INC., was negligent and/or reckless in allowing a defective and dangerous product to be distributed for consumer use.

43. The product was being used in its intended manner.

44. The defective design, manufacture, assembly, labeling, testing, inspection, promotion, sale, distribution, and/or failure to warn of known defects of the

product was a cause of the injuries and plaintiff could not have discovered the defects through exercise of reasonable care.

45. The defendant, POWER TOOL SPECIALISTS, INC., is strictly liable for causing the plaintiff's injuries in an amount that exceeds the jurisdictional limits of all lower New York Courts.

46. As a result of the negligence and/or recklessness of defendant, POWER TOOL SPECIALISTS, INC., plaintiff was seriously injured, and has suffered damages in an amount which exceeds the monetary jurisdictional limits of all lower New York Courts.

**WHEREFORE**, Plaintiff demands judgment against defendant in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts but does not exceed the monetary jurisdictional limits of the New York State Supreme Court and plaintiff demands such other, further and different relief as the Court may deem just and proper, together with the costs and disbursements of this action.

DATED: Rochester, New York
January 12, 2022

THE BARNES FIRM, P.C.

By: _____
Richard P. Amico, Esq.
*Attorneys for Plaintiff*
28 East Main Street, Ste. 600
Rochester, NY 14614-1605
(585) 699-2464

7